## BRADLEY *v.* LIGHTCAP.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 243. Argued April 21, 1904.—Decided May 31, 1904.

1. By the law of Illinois in respect of mortgages the legal title passes to the mortgagee, who is entitled to possession, at least after condition broken. The mortgagor has an equity of redemption, and, in case of foreclosure by sale, has by statute twelve months within which to redeem by payment.
2. Where a mortgagee has rightfully taken possession of the mortgaged premises on condition broken, the filing of a bill to foreclose is in aid of the legal title, and not inconsistent with it.
3. Prior to the passage of a certain statute, where at the sale on foreclosure, the mortgagee bid in the property conveyed by the mortgage at less than the amount due, and the mortgagor did not redeem, failure by the mortgagee to take out a deed had no effect so far as the mortgagor was concerned on the original title of the mortgagee as against the mortgagor, though it might let in the right of redemption.
4. When by a statute passed subsequently to a mortgage, and going into effect after the mortgagee has taken possession as such, on condition broken, it is enacted that if the mortgagee, being in possession, bids in the mortgaged premises at sale on foreclosure at less than the amount found due on the mortgage, and the mortgagor does not redeem, the legal title of the mortgagee and his right of possession shall be forfeited by failure to obtain a deed within the time prescribed to the mortgagor, who has not redeemed or in fact paid anything in extinguishment of the mortgage, such statute impairs the obligation of the prior mortgage contract and operates to deprive the mortgagee of property rights without due process.

(1)

FIVE ejectment suits were brought by Lightcap against tenants of Mrs. Bradley, July 13, 1895, in the Circuit Court of Mason County, Illinois, and taken on change of venue to Fulton County, where they were consolidated, Mrs. Bradley was let in to defend, and the case went to judgment in her favor. This judgment was reversed by the Supreme Court of Illinois, after several hearings, and the case remanded to the Circuit Court. 186 Illinois, 510. On the retrial judgment was recovered by Lightcap, which was affirmed by the Supreme Court, 201 Illinois, 511, and this writ of error prosecuted.

On the disposition of the case when brought to the Supreme Court the second time the division of opinion among the seven members of the court found expression. Mr. Chief Justice Magruder, Mr. Justice Carter and Mr. Justice Ricks concurred in the opinion of Mr. Justice Cartwright in affirmance of the judgment. Mr. Justice Wilkin and Mr. Justice Boggs filed dissents, and Mr. Justice Hand, while agreeing that the legal title was in Lightcap, was of opinion that the full beneficial interest was in Mrs. Bradley, and that she, being in possession, a court of chancery might protect her equitable interest and possession by enjoining the prosecution of the ejectment suit.

The facts are in substance these:

Tobias S. Bradley loaned T. B. Breedlove, June 3, 1867, $19,616, evidenced by notes payable in one, two, three, four and five years, respectively, and secured by a trust deed on 1,200 acres of land in Mason County, Illinois. On Bradley's death, Lydia, his widow, became the sole owner of the trust deed and notes. October 8, 1867, Breedlove conveyed the 1,200 acres to Prettyman, subject to the mortgage to Bradley. August 13, 1868, Prettyman conveyed 680 acres to McCune, and McCune gave a trust deed thereon to E. G. Johnson, trustee, to secure the payment of $15,000, evidenced by three notes, to the order of Lydia Bradley, and due in one, two and three years after date. Mrs. Bradley, through her agent, accepted these notes and trust deed as part payment of the

Breedlove notes and Prettyman paid the difference, and the 1,200 acres were released from the Breedlove trust deed or mortgage.

November 13, 1868, McCune conveyed the 680 acres to Prettyman, subject to the trust deed to Johnson. No taxes were paid by McCune or by Prettyman, and no part of the mortgage debt was ever paid.

May 24, 1871, Mrs. Bradley redeemed from the tax sales for taxes of 1868 and 1869, and in 1872 for the taxes of 1871, and she has paid all other taxes assessed on the land since the trust deed or mortgage was given.

Early in the summer of 1871, Austin Johnson, whom Mrs. Bradley, in July, 1870, had appointed her business agent, went on the land on her behalf, and in 1872, Mrs. Bradley and Austin Johnson together went upon the land and she took personal and exclusive possession of it, which by herself and her tenants she has retained ever since.

February 22, 1872, Mrs. Bradley filed a bill in the Circuit Court of Mason County to set aside the release of the Breedlove trust deed or mortgage, on the ground of fraud, and for the foreclosure of that mortgage on the 1,200 acres for the payment of the balance of the original debt. McCune was a party but seems to have left the State and was brought in by publication. The bill was contested, and on August 22, 1879, the Mason Circuit Court entered a decree of foreclosure and sale on the McCune trust deed, finding the amount due Mrs. Bradley to be $31,500. The 680 acres were sold by the master in chancery, October 27, 1879, bid in for Mrs. Bradley for $10,000, and a certificate was issued to her.

Mrs. Bradley proceeded to develop and improve the 680 acres, drained the tract, erected farm buildings, laid tiles, reduced the land to cultivation, and has maintained exclusive possession to this date.

September 4, 1893, Prettyman gave a quitclaim deed of the land to Lightcap, which was recorded November 30, 1894. July 13, 1895, these actions in ejectment were commenced

The McCune trust deed or mortgage was executed August 13, 1868, and at that time chapter 57 of the Revised Statutes of Illinois contained these sections: (see ed. 1845, p. 302).

"SEC. 12. Whenever any lands or tenements shall be sold by virtue of any execution, it shall be the duty of the sheriff or other officer, instead of executing the deed for the premises sold, to give to the purchaser or purchasers of such lands or tenements a certificate in writing describing the lands or tenements purchased, and the sum paid therefor, or if purchased by the plaintiff in the execution, the amount of his bid, and the time when the purchaser will be entitled to a deed for such lands or tenements, unless the same shall be redeemed, as is provided in this chapter, and such sheriff or other officer shall, within ten days from such sale, file in the office of the recorder of the county, a duplicate of such certificate, signed by him; and such certificate, or a certified copy thereof, shall be taken and deemed evidence of the facts therein contained.

"SEC. 13. It shall be lawful for any defendant, his heirs, executors, administrators or grantees, whose lands or tenements shall be sold, by virtue of any execution within twelve months from such sale, to redeem such lands or tenements, by paying to the purchaser thereof, his executors, administrators or assigns, or to the sheriff or other officer who sold the same, for the benefit of such purchaser, the sum of money which may have been paid on the purchase thereof, or the amount given or bid, if purchased by the plaintiff in the execution, together with interest thereon at the rate of ten per centum from the time of such sale, and on such sum being made as aforesaid, the said sale and the certificate thereupon granted shall be null and void."

"SEC. 22. If such lands or tenements so sold, shall not be redeemed as aforesaid, either by the defendant or by such creditor as aforesaid, within fifteen months from the time of such sale, it shall be the duty of the sheriff or other officer, who sold the same, or his successor in office, or his executors

or administrators, to complete such sale, by executing a deed to the purchaser; . . ."

"SEC. 24. In all cases hereafter, where lands shall be sold under and by virtue of any decree of a court of equity, for the sale of mortgaged lands, it shall be lawful for the mortgagor of such lands, his heirs, executors, administrators or grantors to redeem the same in the manner prescribed in this chapter, for the redemption of lands sold by virtue of executions issued upon judgments at common law, and judgment creditors may redeem lands sold under any such decree in the same manner as is prescribed for the redemption of lands, in like manner sold upon executions issued upon judgments at common law."

The statutes contained no limitation of time within which a sheriff's or master's deed must be taken after the period for redemption had expired, and prescribed no penalty or loss of right to the purchaser by reason of delay or failure in taking out such deed.

In *Rucker* v. *Dooley,* 49 Illinois, 377, the Supreme Court of Illinois, at its September term, 1868, reasoning by analogy, held in an equity suit, as against a purchaser of real estate at an execution sale, who was never in its possession, and had no claim to it, except under his judgment and sale, and who had taken out a sheriff's deed twenty-nine years after the sale, and in favor of a *bona fide* purchaser, in possession, claiming by mesne conveyances from the judgment debtor, that for the protection of purchasers for a valuable consideration, without notice, from the judgment debtor, and those claiming under him, a sheriff's deed ought not to be issued after the lapse of twenty years, and that application for a deed made after the lapse of seven years, during which the judgment was a lien, and fifteen months, the time given for redemption, and within twenty years, should be made to the proper court by rule on the sheriff and notice to the parties interested.

March 22, 1872, an act of the general assembly of Illinois was approved, entitled "An act in regard to judgments and decrees, and the manner of enforcing the same by execution,

and to provide for the redemption of real estate sold under execution or decree," which went into force July 1, 1872, the provisions of which were not materially different from those above quoted, but section 30 was as follows, the additions to former acts being indicated by italics:

"SEC. 30. When the premises mentioned in any such certificate shall not be redeemed in pursuance of law, the legal holder of such certificate shall be entitled to a deed therefor *at any time within five years from the expiration of the time of redemption.* The deed shall be executed by the sheriff, master in chancery or other officer who made such sale, or by his successor in office, or by some person specially appointed by the court for the purpose. *If the time of redemption shall have elapsed before the taking effect of this act, a deed may be given within two years from the time this act shall take effect. When such deed is not taken within the time limited by this act the certificate of purchase shall be null and void; but if such deed is wrongfully withheld by the officer whose duty it is to execute the same, or if the execution of such deed is restrained by injunction or order of a court or judge, the time during which the deed is so withheld or the execution thereof restrained shall not be taken as any part of the five years within which said holder shall take a deed.*"

*Mr. John S. Miller,* with whom *Mr. Merritt Starr* and *Mr. W. W. Hammond* were on the brief, for plaintiff in error:

The law of the land, at the time the contract in question was made, as recognized and enforced by the courts, providing means of enforcement of contracts, became a part of the contract the same as though included in its terms; and the statute of 1872, changing such law, after plaintiff in error's contract was made and title vested thereunder, as such law has been here construed and applied by the state court, is a law impairing the obligations of her contract, and is obnoxious to section 10, article 1 of the Constitution of the United States. *Tennessee v. Sneed,* 96 U. S. 69; *Edwards*

v. *Kearzey,* 96 U. S. 595; *Louisiana* v. *New Orleans,* 102 U. S. 203; *Walker* v. *Whitehead,* 16 Wall. 314; *Field* v. *Brokaw,* 148 Illinois, 654; *Barnitz* v. *Beverly,* 163 U. S. 118; *Seibert* v. *Lewis,* 122 U. S. 284; *Bronson* v. *Kinzie,* 1 How. 311, 319; *Gunn* v. *Barry,* 15 Wall. 610; *Shapleigh* v. *San Angelo,* 167 U. S. 646, 657; *Ogden* v. *Saunders,* 12 Wheat. 213, 257; *McCracken* v. *Hayward,* 2 How. 608, 613.

For the purpose of passing upon its constitutionality the statute must be understood to mean what the court of last resort of the State has construed it to mean. *Bell* v. *Morrison,* 1 Pet. 351; *D'Wolf* v. *Rabaud,* 1 Pet. 476; *Van Rensselaer* v. *Kearney,* 11 How. 297; *Tioga R. Co.* v. *Blossburg & C. R. Co.,* 20 Wall. 137; *Townsend* v. *Todd,* 91 U. S. 452; *Scipio* v. *Wright,* 101 U. S. 665; *Wilson* v. *North Carolina,* 169 U. S. 586.

The English common law of mortgages was adopted in Illinois. A mortgage is a conditional conveyance of the fee. After condition broken, the title becomes absolute in the mortgagee, who may recover possession as against the mortgagor. After condition broken the mortgagor has only an equity of redemption. After decree of foreclosure and sale, the right of redemption was limited to twelve months from the sale, and if not exercised within that time, it was barred. *Stephens* v. *Ill. Mut. Ins. Co.,* 43 Illinois, 327. The estates in the land remain the same in such case, with the qualification that the amount and time of redemption are absolutely fixed by the decree and sale. *Stephens* v. *Ill. Mut. Ins. Co., supra; Wedgbury* v. *Cassell,* 164 Illinois, 622.

Such was the law of the State as promulgated by the courts of last resort at and before the date of the mortgage contract in question in this case. *Williams* v. *Brunton,* 3 Gilm. 600, 622; *Kruse* v. *Scripps,* 11 Illinois, 98, 104; *Carroll* v. *Ballance,* 26 Illinois, 9, 16; *Chickering* v. *Failes,* 26 Illinois, 507, 519; *Nelson* v. *Pinegar,* 30 Illinois, 473, 481; *Griffin* v. *M. Co.,* 52 Illinois, 130, 145; *Kenyon* v. *Shreck,* 52 Illinois, 382, 386; *Kelgour* v. *Wood,* 64 Illinois, 345; *Longwith* v. *Butler,* 3 Gilm. 32, 36.

The right of the mortgagor, or his grantees, to redeem after condition broken is a purely equitable right—the creation of courts of chancery; and can only be asserted in a court of equity. It could not be recognized in a court of law in an ejectment suit, as is done in the case at bar. *Kenyon* v. *Shreck*, 52 Illinois, 382, 386; *Bracken* v. *Cooper*, 80 Illinois, 221, 231; *Mulvey* v. *Gibbons*, 87 Illinois, 367, 383.

His right of redemption after sale and under the statute was only upon the absolute condition of making full payment, within a prescribed time, of the bid, interest and costs.

And so the law of Illinois remained after said date, and still remains and is enforced in cases where said statute of 1872 does not apply to change it. *Kelgour* v. *Wood*, 64 Illinois, 345; *Vallette* v. *Bennett*, 69 Illinois, 632; *Harper* v. *Ely*, 70 Illinois, 581; *Oldham* v. *Pfleger*, 84 Illinois, 102; *Davis* v. *Conn. Mut. L. I. Co.*, 84 Illinois, 508; *Mulvey* v. *Gibbons*, 87 Illinois, 367, 382; *Fitch* v. *Wetherbee*, 110 Illinois, 475, 487; *Smith* v. *Mace*, 137 Illinois, 68, 74; *Esker* v. *Heffernan*, 159 Illinois, 38; *Walker* v. *Warner*, 179 Illinois, 16, 23; *Ware* v. *Schintz*, 190 Illinois, 189, 193; *Farrar* v. *Payne*, 73 Illinois, 83, 88; *Stone* v. *Tyler*, 173 Illinois, 147, 155.

The legal title here passed to Johnson, the grantee in the trust deed, and became absolute in him as trustee for plaintiff in error, on condition broken, which occurred as early as 1869. That legal title in Johnson, trustee, was not divested and revested in the mortgagor, or affected, by the foreclosure decree in equity and sale thereunder, unless such effect of divesting a title is given to the statute of 1872 here in question.

By the law of Illinois, as promulgated and enforced by the courts of last resort at and prior to the date of said mortgage contract, if the mortgagor and his grantees failed to redeem the mortgaged premises from foreclosure sale within the time limited by the statute, and the decree of foreclosure, his equity of redemption was barred and foreclosed, and thereafter he had no further right, title or claim in or to the premises. *Burgett* v. *Osborne*, 172 Illinois, 227, 238; *Bozarth* v. *Largent*,

128 Illinois, 95, 107; *Smith* v. *Mace*, 137 Illinois, 68, 73; *Stephens* v. *Ill. Mut. Fire Ins. Co.*, 43 Illinois, 327, 331; 2 Jones on Mortgages, § 1661; *Mulvey* v. *Gibbons*, 87 Illinois, 367, 382; *Masey* v. *Westcott*, 40 Illinois, 160; *Herdman* v. *Cooper*, 138 Illinois, 583; *Lucas* v. *Nichols*, 66 Illinois, 41; *McLagan* v. *Brown*, 11 Illinois, 519; *Fitch* v. *Wetherbee*, 110 Illinois, 475, 487.

Defendant in error could only recover in this ejectment suit on the strength of his own title. *Hague* v. *Porter*, 45 Illinois, 318; *Vallette* v. *Bennett*, 69 Illinois, 632; *Hammond* v. *Shepard*, 186 Illinois, 235.

· But on the other hand, defendant in error could not recover even if he had the legal title, while plaintiff in error rightfully held the possession of the land under a complete equitable title. *Stow* v. *Russell*, 36 Illinois, 18, 36; *Staley* v. *Murphy*, 47 Illinois, 241, 245; *Kilgour* v. *Gockley*, 83 Illinois, 109; *Sands* v. *Wacaser*, 149 Illinois, 530, 534.

As construed by the Supreme Court of Illinois in the case at bar, the statute of 1872 has so changed the law as it existed at the date of the mortgage contract that notwithstanding the mortgagor and those claiming under him did not redeem said premises from said sale according to law, when the certificate of purchase became void, the title to said premises must, in order to give practical effect to said statute, be still in the mortgagor or in the defendant in error claiming under him.

For the purpose of determining whether it infringes the Constitution, as claimed, the statute must be understood to mean what the courts of last resort of the State have construed it to mean. *Bell* v. *Morrison*, 1 Pet. 351; *D'Wolf* v. *Rabaud*, 1 Pet. 476; *Van Rensselaer* v. *Kearney*, 11 How. 297; *Tioga R. Co.* v. *Blossburg & C. R. Co.*, 20 Wall. 137; *Townsend* v. *Todd*, 91 U. S. 452; *Scipio* v. *Wright*, 101 U. S. 665; *Smyth* v. *Ames*, 169 U. S. 466.

By the law of Illinois, at the time this mortgage was executed, the fee of the land was conveyed by the mortgagor to the trustee, Johnson, for the use of Mrs. Bradley. The condition

of the mortgage was immediately broken, as soon as made, by failure to pay taxes previously and then due, no taxes having ever been paid by the mortgagor, and again by failure to pay the notes maturing in 1869, 1870 and 1871. After condition broken the title became absolute in the mortgagee, and so it was at the time of the enactment of the statute of 1872.

A statutory bar does not satisfy a debt, annul a contract, or deprive the holder of security. *Keener* v. *Crull,* 19 Illinois, 189, 191; *Newland* v. *Marsh,* 19 Illinois, 376, 384; *McCagg* v. *Heacock,* 42 Illinois, 153; *Brockman* v. *Sieverling,* 6 Illinois A. 512; *Hancock* v. *Franklin Ins. Co.,* 114 Massachusetts, 155; *Moses* v. *St. Paul,* 67 Alabama, 168; *Wheelan* v. *Kinsley,* 26 Ohio St. 131; *Waterman* v. *Brown,* 31 Pa. St. 161; *Kemp* v. *Westbrook,* 1 Ves. 278.

If plaintiff in error had a right of entry as against the mortgagor in 1872, when condition was broken and she made her peaceable entry, the statute of 1872, which the Supreme Court of Illinois says is merely a statute of limitation, cannot have destroyed or changed that right of possession without invading the Constitution, for laches will not be imputed to one in the peaceable possession of land. *Mills* v. *Lockwood,* 42 Illinois, 111, 118; *Dorman* v. *Dorman,* 187 Illinois, 154, 160; *Wilson* v. *Byers,* 77 Illinois, 76, 84; *Boyd* v. *Boyd,* 163 Illinois, 611, 615; *Beck Lumber Co.* v. *Rupp,* 188 Illinois, 562, 570; *Parker* v. *Shannon,* 137 Illinois, 376, 392; *Bush* v. *Stanley,* 122 Illinois, 406, 418.

A constitutional statute of limitation does not run against or affect a possessor of real estate, but one out of possession. This was the law of Illinois when this mortgage deed was made. *Mills* v. *Lockwood* (1866), 42 Illinois, 111, 119; *Parker* v. *Shannon* (1891), 137 Illinois, 376, 392.

Such a change in the law, as here applied, deprives plaintiff in error of the right, title and interest vested in her under the laws of the State as they existed at the date of her mortgage and when condition was broken and when she took possession,

and violates the prohibition of the Fourteenth Amendment of the Federal Constitution. *Chicago, Burlington & Quincy Railroad Co.* v. *City of Chicago,* 166 U. S. 226; *Scott* v. *McNeal,* 154 U. S. 34, 45; *Taylor* v. *Beckham,* 178 U. S. 548, 599, 605; *Tindal* v. *Wesley,* 167 U. S. 204, 222.

If the constitutional guaranties referred to protect plaintiff in error from the divestiture of her title, either by the statute of 1872 or by the decision of the Supreme Court of Illinois, she has such an equitable title as is contemplated by the statute of 1835, quoted in our statement of questions involved, and having been in possession, by actual residence thereon by her tenants, since 1872 and paid all the taxes, and for more than seven successive years from and after the expiration of the period of redemption (when her equitable title became complete),—she is protected by said statute from defendant in error's action. *Irving* v. *Brownell,* 11 Illinois, 402; *Collins* v. *Smith,* 18 Illinois, 160; *Martin* v. *Judd,* 81 Illinois, 488; *Dolton* v. *Cain,* 14 Wall. 472; *Gregg* v. *Tesson,* 66 U. S. 150; *Dredge* v. *Forsyth,* 67 U. S. 563.

*Mr. George W. Wall* and *Mr. E. A. Wallace,* with whom *Mr. Lyman Lacey, Jr.,* was on the brief, for defendant in error:

See § 30, ch. 77, laws of Illinois; it is a statute of limitations. *Ryhiner* v. *Frank,* 105 Illinois, 326, 330; *Petterson* v. *Emerson,* 135 Illinois, 55, 60; *Seeberger* v. *Weinberg,* 151 Illinois, 369, 382; *Brown* v. *Ridenhower,* 161 Illinois, 239; *Lightcap* v. *Bradley,* 186 Illinois, 510, 515; *Bradley* v. *Lightcap,* 201 Illinois, 511, 519.

The Legislature of a State has the right to enact statutes of limitation, and it is no objection to their validity that they are made to apply to existing rights, provided a reasonable time be given in future for complying with the statute, and under repeated decisions of this court, the statute complained of is not unconstitutional. *Wheeler* v. *Jackson,* 137 U. S. 245, 255; *Terry* v. *Anderson,* 95 U. S. 628, 632; *Kashkonong* v. *Benton,* 104 U. S. 668, 674; *Jackson* v. *Lamphier,* 3 Pet. 280,

290; *Bronson* v. *Kinzie*, 1 How. 311, 316; *Ross* v. *Duvall*, 13 Pet. 45, 64; *Vance* v. *Vance*, 108 U. S. 514.

In Illinois the title to land mortgaged is not out of the mortgagor, except as between him and the mortgagee, and then only as an incident of the mortgage debt for the sole purpose of obtaining satisfaction; as to all other persons, and for all other purposes, the mortgagor is the legal owner of the mortgaged premises, and in the case at bar, the Supreme Court of Illinois merely adheres to the law of the State, as it always has existed therein. *Fitch* v. *Pinckard*, 4 Scam. 69, 83; *Ryan* v. *Dunlap*, 17 Illinois, 40; *Sargent* v. *Howe*, 21 Illinois, 149; *Vansant* v. *Allmon*, 23 Illinois, 30; *Hall* v. *Lance*, 25 Illinois, 250; *Harris* v. *Mills*, 28 Illinois, 44, 46; *Pollock* v. *Maison*, 41 Illinois, 516; *Emory* v. *Keigan*, 88 Illinois, 482; *Delano* v. *Bennett*, 90 Illinois, 533; *Barrett* v. *Hinckley*, 124 Illinois, 32; *Lightcap* v. *Bradley*, 186 Illinois, 518, 524; *Ware* v. *Schints*, 190 Illinois, 189; *Hughes* v. *Edwards*, 9 Wheat. 497; *Hutchinson* v. *King*, 1 Wall. 53.

While the mortgage conveys to the mortgagee a legal title, it is only a limited or qualified legal title, and neither before nor after condition broken does the mortgagee have the "absolute legal title" under the law of Illinois. On the contrary it is only a base or determinable fee. Independent of the debt, which the mortgage is given to secure, he has no title whatever. When the debt is paid, released, discharged or barred by the statute of limitations or in any way satisfied, the mortgagee's title is extinguished by operation of law. Cases cited *supra* and *Waughop* v. *Bartlett*, 165 Illinois, 124, 132; *Speer* v. *Hadduck*, 31 Illinois, 439, 443; *Bogardus* v. *Moses*, 181 Illinois, 554.

The title, which the mortgagee gets by the mortgage, can be used by him for one and only one purpose, viz.: as a means for the collection of the debt secured, or so much thereof as the mortgaged premises, when resorted to for that purpose, will satisfy. A valid foreclosure of the mortgage by a decree of a court of equity in a foreclosure suit, followed by a valid

sale in pursuance of the decree, extinguishes the mortgage lien and satisfies the debt so far as the mortgage and land is concerned. *Smith* v. *Smith,* 32 Illinois, 198; *Siligman* v. *Laubheimer,* 58 Illinois, 124, 126; *Ogle* v. *Koerner,* 140 Illinois, 170, 179; *Rains* v. *Mann,* 68 Illinois, 264; *Robins* v. *Swain,* 68 Illinois, 197; *Finley* v. *Thayer,* 42 Illinois, 350, 353; *Trustees of School* v. *Love,* 34 Ill. App. 418; *People* v. *Beebe,* 1 Barb. (N. Y.) 379, 388.

The land having been once applied by sale under a valid foreclosure toward satisfying the debt which was a charge upon it, could not again be sold or applied to the payment of the same charge. *State Bank* v. *Wilson,* 4 Gilm. 57, 67; *Whiteneck* v. *Agritt,* 56 Ill. App. 72; *Smith* v. *Smith,* 32 Illinois, 198; *Hughes* v. *Frisby,* 81 Illinois, 188; *Ogle* v. *Koerner,* 140 Illinois, 170, 180; *Smith* v. *Vandyke,* 17 Wisconsin, 214, 216; *Smith* v. *Luddington,* 17 Wisconsin, 344, 349; *Warrick* v. *Hull,* 102 Illinois, 280.

The authorities already cited show that a mortgagee, or *cestui que trust,* who becomes the purchaser at the foreclosure sale, thereafter sustains the same relation to the property that any stranger would sustain if such stranger had been the purchaser. *Davis* v. *Dale,* 150 Illinois, 239, 243.

In Illinois a certificate of purchase is only a lien. No title passes to the holder of it, and there is none vested in him until the deed is made. Until the deed is made, he is not even entitled to the possession of the premises. *Bennett* v. *Matson,* 41 Illinois, 332, 344; *O'Brien* v. *Fry,* 82 Illinois, 274, 277; *Rockwell* v. *Servant,* 63 Illinois, 425; *Vaughn* v. *Ely,* 4 Barb. 159; *Evertson* v. *Sawyer,* 2 Wend. 507; *Aldrich* v. *Sharp,* 3 Scam. 261, 263; *Kelhotts* v. *Wolf,* 8 Brad. (Ill. App.) 371; *Johnson* v. *Baker,* 38 Illinois, 98, 102; *Hays* v. *Cassell,* 70 Illinois, 669, 672; *Stephens* v. *Ill. M. F. Ins. Co.,* 43 Illinois, 327; *Bowman* v. *The People,* 82 Illinois, 246; *Roberts* v. *Clelland,* 82 Illinois, 538, 542; *Smith* v. *Calvin,* 17 Barb. (N. Y.) 161.

The statute complained of, at most, only operated upon the remedy, and not even upon that until after all contract

rights, obligations and duties given by, or growing out of the McCune trust deed had been enforced, and the trust deed itself extinguished by the foreclosure and sale. From and after the sale, all rights and interest of plaintiff in error, in or to the land, were measured by the certificate of purchase. Cases cited *supra* and *Seeberger* v. *Weinberg*, 151 Illinois, 369, 380; *Smith* v. *Smith*, 32 Illinois, 198; *Rains* v. *Mann*, 68 Illinois, 264; *Wyman* v. *Cochran*, 35 Illinois, 152; *Leslie* v. *Bontil*, 130 Illinois, 501.

A legislative act is not in conflict with the Federal Constitution, prohibiting the impairment of the obligation of a contract, unless it operates directly on the contract and impairs it. *Hanford* v. *Davies*, 163 U. S. 273; *Turner* v. *Wilkes*, 173 U. S. 461; *Central Land Co.* v. *Laidley*, 159 U. S. 109; *Van Hoffman* v. *Quincy*, 4 Wall. 535.

The conclusions of the Supreme Court of Illinois as to the respective rights, title and interest of the mortgagor and mortgagee, being predicated on the general local law of the State governing the same, are not reviewable by this court on a writ of error to the Supreme Court of the State. *New Orleans Water Co.* v. *Louisiana S. R. Co.*, 125 U. S. 18; *Central Land Co.* v. *Laidley*, 159 U. S. 109; *Turner* v. *Wilkes County*, 173 U. S. 461; *Abraham* v. *Casey*, 179 U. S. 210; *Arndt* v. *Griggs*, 134 U. S. 316.

A certificate of purchase is not even color of title, much less does it confer title. *Bride* v. *Watt*, 23 Illinois, 507; *Rigor* v. *Frye*, 62 Illinois, 507; *Shackleford* v. *Bailey*, 35 Illinois, 387; *Perry* v. *Burton*, 111 Illinois, 138.

The title which is required by § 4, ch. 83, must be at least a *prima facie* good title either in law, or equity, and must continue in the party setting up the bar, for seven years, as well as the possession for seven years: *Elston* v. *Kennicott*, 46 Illinois, 207; *Moore* v. *Brown*, 11 How. 414; *Skyle's Heirs* v. *King's Heirs*, 2 A. K. Marshall, 385.

Cases cited *supra* show that the Supreme Court of Illinois has expressly decided that there is no title in the holder of

the certificate of purchase either legal or equitable, and especially after the certificate is barred by the statute.

The construction of state law upon questions affecting the title to real property, by the highest court of the State where the land is located, is binding upon this court, and so also as to statutes of limitation. Rev. Stat. § 721; *De Vaughn* v. *Hutchinson*, 165 U. S. 566; *Clark* v. *Clark*, 178 U. S. 186; *Brine* v. *Ins. Co.*, 96 U. S. 627; *Clark* v. *Graham*, 6 Wheat. 577; *Abraham* v. *Casey*, 179 U. S. 210; *Williams* v. *Kirtland*, 13 Wall. 306; *Turner* v. *Wilkes*, 173 U. S. 461; *Arndt* v. *Griggs*, 134 U. S. 316; *Forsyth* v. *Hammond*, 166 U. S. 518; *Percy* v. *Cockrill* (C. C. A.), 53 Fed. Rep. 872; *Brunswick* v. *Bank*, 99 Fed. Rep. 635; *Morley* v. *Lake Shore Co.*, 146 U. S. 162; *Board* v. *Louisiana*, 179 U. S. 622.

The decision of the Supreme Court of Illinois complained of rests on independent grounds, not involving a Federal question and broad enough to maintain its judgment, viz., the application of the doctrine of *res adjudicata*, and the writ should be dismissed, or the judgment affirmed. *California Powder Works* v. *Davis*, 151 U. S. 389; *Hale* v. *Akers*, 132 U. S. 554, and cases cited; *Murdock* v. *Memphis*, 20 Wall. 590; *Jenkins* v. *Loewenthal*, 110 U. S. 222; *Castillo* v. *McConnico*, 168 U. S. 674; *Eustis* v. *Bolles*, 150 U. S. 361.

The statute complained of is not inconsistent with the Fourteenth Amendment, or § 1979, Rev. Stat. *Wheeler* v. *Jackson*, 137 U. S. 245; *Terry* v. *Anderson*, 95 U. S. 628; *Saranac L. Co.* v. *Roberts*, 177 U. S. 318; *Hurtado* v. *California*, 110 U. S. 516; *In re Brown*, 135 U. S. 705.

The Fourteenth Amendment was not designed to limit, and does not limit, the police power of the States which includes statutes of limitation; there is no constitutional objection to their validity provided a reasonable time, taking into consideration the nature of the case, is allowed for bringing an action or performing an act after its passage and before the bar takes effect. Cooley's Constitutional Limitations, p. 434, (6th ed.); *Wheeler* v. *Jackson*, 137 U. S. 255; *Turner* v. *New*

*York*, 168 U. S. 90, 94; *Davidson* v. *New Orleans*, 96 U. S. 97, 102; *L. & N. R. Co.* v. *Schmidt*, 177 U. S. 230, 236; *Iowa Central R. Co.* v. *Iowa*, 160 U. S. 389, 393; *Leeper* v. *Texas*, 139 U. S. 642; *Missouri P. R. Co.* v. *Humes*, 115 U. S. 512, 518; *Minneapolis R. Co.* v. *Beckwith*, 129 U. S. 26; *Caldwell* v. *Texas*, 137 U. S. 692, 697; *Munn* v. *Illinois*, 94 U. S. 113, 134; *Grozza* v. *Tiernan*, 148 U. S. 657, 661; *Stearns* v. *Gettings*, 23 Illinois, 387; *Hurtado* v. *California*, 110 U. S. 516.

The decision of the state court proceeds not only upon the general jurisprudence of the State, but is also based upon rules of property, and by adjudications by the highest court of the State, firmly implanted in its jurisprudence, and this court will apply the rules adopted in the State to the determination of the controversy. *Suydam* v. *Williams*, 24 How. 427; *Chicago* v. *Robbins*, 2 Black. 418; *Gage* v. *Company*, 115 U. S. 454; *Burgess* v. *Seligman*, 107 U. S. 20; *Lane* v. *Vick*, 3 How. 464; *Greene* v. *Lessee of Neal*, 6 Pet. 291.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

Among the defences, it is stated Mrs. Bradley relied on, were that "under section 6 of chapter 83 of the Revised Statutes, in regard to limitations, the trust deed from McCune to Johnson, the decree of sale and certificate of purchase constituted color of title which, coupled with her possession and payment of taxes for seven successive years, made her the legal owner of the lands to the extent and according to the purport of her paper title;" that "under section 4 of the same act her possession and actual residence, through her tenants, for seven successive years, having a connected title in law or equity deducible of record from the United States, by virtue of the same trust deed, decree and sale, barred the action of plaintiff;" and "that she was mortgagee in possession after condition broken and entitled to possession as such." The Supreme Court of Illinois overruled all these defences, and held

that when the sale was made under the decree and the mortgagee purchased at the sale, the mortgage was satisfied as to the land, and all rights of the mortgagee were represented by the certificate of purchase, and that, by force of the act of 1872, the mortgagee having failed to take the deed within the time limited by the statute, the certificate became null and void, her title terminated as it would on redemption, and she ceased to have any interest whatever in the premises, so that the mortgagor or his grantees, without any payment of the mortgage debt, was entitled to recover the possession from the mortgagee, in ejectment, on the strength of a perfect title.

Before and when the trust deed to Johnson, which may be treated as if a mortgage to Mrs. Bradley, was given, the legal title passed to the mortgagee according to the law of Illinois in respect of mortgages.

After condition broken the mortgagee became entitled to possession of the mortgaged premises and could maintain an action of ejectment. The mortgagor had only an equity of redemption, and in case of sale on foreclosure had by statute the right to redeem within twelve months by making full payment.

The law in general as it is to-day was thus declared in *Ware* v. *Schintz*, 190 Illinois, 189, 193:

"Under the repeated rulings of this court a mortgagee, as against the mortgagor, is held, as in England, in law, to be the owner of the fee, having the *jus in re* as well as *ad rem*, and entitled to all the rights and remedies which the law gives to such owner, and may, after condition broken, maintain ejectment against the mortgagor. The mortgagor or his assignee, however, is the legal owner of the mortgaged estate as against all persons excepting the mortgagee or his assigns. *Delahay* v. *Clement*, 3 Scam. 201; *Vansant* v. *Allmon*, 23 Illinois, 30; *Carroll* v. *Ballance*, 26 Illinois, 9; *Oldham* v. *Pfleger*, 84 Illinois, 102; *Fountain* v. *Bookstaver*, 141 Illinois, 461; *Esker* v. *Heffernan*, 159 Illinois, 38. The fee title held by the mortgagee is in the nature of a base or determinable fee. The term of its

existence is measured by that of the mortgage debt. When the latter is paid or becomes barred by the statute of limitations the mortgagee's title is extinguished by operation of law. *Pollock* v. *Maison*, 41 Illinois, 516; *Harris* v. *Mills*, 28 Illinois, 44; *Gibson* v. *Rees*, 50 Illinois, 383; *Barrett* v. *Hinckley*, 124 Illinois, 32; *Lightcap* v. *Bradley*, 186 Illinois, 510. Until it is extinguished the legal title is in the mortgagee for the purpose of obtaining satisfaction. of his debt."

The condition of the McCune mortgage was broken as soon as made by failure to pay taxes previously and then due, and again by failure to pay the notes maturing in 1869, 1870 and 1871, and Mrs. Bradley entered into peaceable possession of the tract of six hundred and eighty acres before the act of 1872 took effect. If the assent of the mortgagor was necessary, which we do not hold it was, it should be implied in the circumstances. Her possession was that of mortgagee in possession, and she could defend as against the owner of the equity of redemption any action except for an accounting of the rents and profits, and to redeem. And as she could pursue concurrent remedies the character of her possession was not affected by the filing and pendency of the bill to set aside the release of the Breedlove mortgage. But that bill went to decree in 1879 of foreclosure of the McCune mortgage by sale, and sale was had. There was no independent purchaser, nor was the whole amount of the mortgage debt bid, but Mrs. Bradley, the mortgagee in possession, bid about one-third of the amount due. By the statute the right of redemption of McCune and his grantee was barred and determined October 27, 1880, at the expiration of twelve months from the date of sale, and so it was by the express provision of the decree of foreclosure.

The certificate of purchase was issued to Mrs. Bradley, but it does not appear that she obtained a deed. It is assumed, and we assume, that she did not, although it is suggested that after the lapse of so many years, and under the circumstances, in an action at law by the original mortgagor against the

mortgagee in possession, an irrebutable presumption of a deed arises on grounds of public policy.

The Supreme Court of Illinois in the present case decides that the act of 1872 applies to mortgagees in possession, and that it operates not simply as a statute of limitations on the right to obtain a deed, but in effect as a statute forfeiting, by the nullification of the certificate, the mortgagee's estate and right of possession by reason of *laches,* and means that if a deed be not taken out within the time specified, the mortgagee has lost his debt and the mortgagor has been reinstated in his former title by operation of law, and without having paid anything in redemption. Accepting the construction of the act by the state court, and its conclusion that it applies to Mrs. Bradley, then the question is whether such a statute so applied does not impair the obligation of the contract previously existing between the mortgagee and the mortgagor, or deprive the mortgagee of property rights without due process. That question was raised in the Supreme Court of Illinois, and the court held that it did not. 201 Illinois, 511.

Confessedly subsequent laws, which in their operation amount to the denial of rights accruing by a prior contract, are obnoxious to constitutional objection.

In *Bronson* v. *Kinzie,* 1 How. 311, the statute objected to gave the mortgagor twelve months to redeem after the sale, and Mr. Chief Justice Taney said:

"It declares that, although the mortgaged premises should be sold under the decree of the Court of Chancery, yet that the equitable estate of the mortgagor shall not be extinguished, but shall continue for twelve months after the sale; and it moreover gives a new and like estate, which before had no existence, to the judgment creditor, to continue for fifteen months. If such rights may be added to the original contract by subsequent legislation, it would be difficult to say at what point they must stop. . . . Any such modification of a contract by subsequent legislation, against the consent of

one of the parties, unquestionably impairs its obligations; and is prohibited by the Constitution."

In *Barnitz* v. *Beverly*, 163 U. S. 118, it was held that a state statute which authorized redemption of property sold in foreclosure of a mortgage where no such right previously existed, or extended the period of redemption beyond the time previously allowed, could not apply to a sale under a mortgage executed before its passage, and Mr. Justice Shiras, referring to *Brine* v. *Insurance Company*, 96 U. S. 627, 637, said:

"But this court held, through Mr. Justice Miller, that all the laws of a State existing at the time a mortgage or any other contract is made, which affect the rights of the parties to the contract, enter into and become a part of it, and are obligatory on all courts which assume to give a remedy on such contracts, . . . that it is therefore said that these laws enter into and become a part of the contract"—and that " ' the remedy subsisting in a State when and where a contract is made and is to be performed is a part of its obligation.' "  . . .

"What we are now considering is, whether the change of remedy was detrimental to such a degree as to amount to an impairment of the plaintiff's right; and, as this record discloses that the sale left a portion of the plaintiff's judgment unpaid, it may be fairly argued that this provision of the act [which provided that the land 'shall not again be liable for sale for any balance'] does deprive the plaintiff of a right inherent in her contract. When we are asked to put this case within the rule of those cases in which we have held that it is competent for the States to change the form of a remedy, or to modify it otherwise, as they may see fit, provided no substantial right secured by the contract is thereby impaired, we are bound to consider the entire scheme of the new statute, and to have regard to its probable effect on the rights of the parties."

In *Tooker* v. *Burr*, 194 U. S. 415, these and many other

cases were considered, and the distinction was pointed out between a purchase by the mortgagee and by an independent purchaser, having no connection whatever with the original contract between the mortgagor and mortgagee, and whose contract was made under the law as then existing; as well as the distinction where the mortgagee bids the whole amount of the mortgage debt, as in *Connecticut Mutual Life Insurance Company* v. *Cushman*, 108 U. S. 51, which was cited with approval. There the company bid enough to pay the full amount of the mortgage debt, principal and interest, and on redemption contended that it was entitled to interest at the rate existing at the time of the execution of the mortgage, which had been reduced before the sale, though subsequent to the mortgage. *Barnitz* v. *Beverly,* was distinguished. In that case the sum bid at the foreclosure sale did not equal the amount due on the mortgage, the debt of the mortgagor was not thereby paid, and it was the mortgagee's rights under her contract as contained in the mortgage, and not her rights as a purchaser, that were in controversy. In the *Cushman* case, on the contrary, the amount bid at the foreclosure sale paid the mortgage debt, and the subsequent position of the mortgagee was as a purchaser only.

And we said: "If the mortgage had been foreclosed and the mortgagee had thereby realized his debt, principal and interest in full, upon the sale, there can be no doubt that he would not have been heard to assert the invalidity of the subsequent legislation, nor would an independent purchaser at the sale have been heard to make the same complaint. Of course, this does not include the case of a mortgagee who purchases at the foreclosure sale and bids a price sufficient to pay his mortgage debt in full with interest, and an action thereafter commenced against him to set aside the sale because it was made in violation of legislation subsequent to the mortgage. In such case we suppose there can be no doubt of the right of the mortgagee to assert, as a defence to the action, the unconstitutionality of the subsequent legislation

as an impairment of his contract contained in the mortgage."

In Illinois the legal title vests in the mortgagee, but in equity that title is regarded as a trust estate to secure the payment of the money, and where the mortgaged premises are bid off by the mortgagee, at foreclosure sale, for the full amount of the decree, interest and costs, the mortgage may be held to have expended its force, but where the bid is for less than the full amount, a different rule would be applicable. *Bogardus* v. *Moses*, 181 Illinois, 554, 559, 560.

Entitled to pursue different remedies to collect the mortgage debt or to free the mortgaged premises of the right of redemption, foreclosure and sale, purchase and deed are in aid of the original title and not inconsistent with it. *Williams* v. *Brunton*, 3 Gilm. (Ill.) 600. If the right of redemption is determined by efflux of time, which must be before a deed can issue, failure to take out the deed either has no effect so far as the mortgagor is concerned because he is not injured, or the right of redemption still remains and all the mortgagor can claim is that the relation between the parties is unchanged.

In the present case there was no independent purchaser; the bid of the mortgagee was less than one-third of the amount found due; there was no redemption and the right of redemption was cut off; the mortgagee was in possession before and at the time of foreclosure and sale, and when ejectment was brought sixteen years thereafter, and the mortgage debt had never in fact been paid; so that the original mortgagor as plaintiff in ejectment could not recover unless by the subsequent law the mortgagee had been subjected to the loss of all her rights, as against him, by *laches* in obtaining a deed, although as a general rule *laches* are not imputable to a party in possession to the loss of the right thereto.

And if the operation of the subsequent law is to impair the obligation of Mrs. Bradley's mortgage contract or to deprive her of rights protected by the Constitution, we cannot decline jurisdiction because of a construction that we deem untenable.

*Louisville Gas Company* v. *Citizens' Gas Light Company,* 115
U. S. 683, 697; *Terre Haute & Indianapolis Railroad Company*
v. *Indiana,* 194 U. S. 579.

By the judgment in this case Lightcap has been held clothed
with the legal title and the immediate right of possession.
And this on the ground that the certificate of purchase dis-
charged the McCune mortgage and that the act of 1872 nullified
the certificate after the lapse of five years. This gave to the
limitation of time for taking out the deed the effect of destroy-
ing the right of possession taken under the mortgage, wiping
out the mortgage with the certificate, and allowing the mort-
gagor to assert the legal title and right of possession as against
the mortgagee as a wrongdoer. That is to say, though Mrs.
Bradley was rightfully in possession and though the mortgage
debt had not in fact been paid, the bar of the statute as to the
deed is held to be efficacious in turning Mrs. Bradley into a
trespasser as respects the mortgagor, who, not having in fact
paid anything, is treated as having made payment by the
mortgagee's bid, and being at the same time entitled to assert
the failure of the purchase by reason of *laches* in taking out
the deed.

And yet because a statute may take away the sword which
a deed would give a mortgagee out of possession, it does not
follow that it can lawfully operate on prior transactions so as
to take away the shield afforded by possession. Rightful
possession is a defence in ejectment, *Sands* v. *Wacaser,* 149
Illinois, 530, 533, and cases cited, and Mrs. Bradley's posses-
sion could only be treated as wrongful as against the original
mortgagor by the application of the subsequent law.

As we have said, when Mrs. Bradley took this mortgage
there was no statutory limitation as to the time within which
a master's deed must be taken out, and no loss of right by
reason of failure to do so was prescribed. After she had filed
her bill, and while she was in possession, the act of 1872 went
into effect, and, it may be conceded, limited Mrs. Bradley's
right to obtain a deed on foreclosure sale and so far affected

any remedy through a deed 'she might have had.   But, reading the act, as the view of the Supreme Court compels us to. do; as taking away her right to maintain her. possession, we. are of opinion that it materially impairs the obligation of her contract, and deprives·her of property without due. process.
*Judgment reversed and cause remanded for;further proceedings not inconsistent with this opinion.*