MADDOX, Justice.
This appeal questions the applicability of Act No. 1107, Acts of Alabama, 1969, p. 2042 [§ 6-5-230, Code, 1975] which reduced the redemptive period from two years to one, when applied to a mortgage which was executed prior to the effective date of the Act, but which was foreclosed after the effective date of the Act.
The facts are virtually undisputed. Brown and Bateh, as partners, executed a mortgage to the First National Bank of Birmingham on May 2, 1967, in order to secure the purchase price of the subject tract. The partnership was subsequently dissolved and the subject property was awarded to Brown. Upon Brown’s failure to comply with the mortgage conditions, the First National Bank foreclosed the mortgage by sale on March 26, 1975. The foreclosure purchaser, Bateh, paid $40,000 for the property.
On 20 February, 1977, Brown began his attempt to redeem by serving on Bateh a written demand for a written statement of the debt and lawful charges. Section 6 — 5— 234, Code of Alabama (1975). Bateh failed to respond and Brown filed his Bill to Redeem on March 25, 1977.
Bateh filed an answer and motion for a summary judgment alleging that the time within which Brown could redeem had expired and that in any event, Brown's Bill to Redeem failed to comply with the requirements of § 6-5-235 and § 6-5-238, Code of Alabama (1975). Based on affidavits filed by both parties, the trial court granted Batch’s motion for summary judgment.
We affirm.
Act No. 1107 [§ 6-5-230] reads, in part, as follows:
“Where real estate, or any interest therein, is sold under execution, or by virtue of any decree in the Circuit Court *843 or under any deed of trust, or power of sale in a mortgage, the same may be redeemed by the debtor, junior mortgagee, vendee of the debtor, or assignee of the equity or statutory right of redemption, wife, widow, child, heir at law, devi-see, or any vendee or assignee of the right of redemption under this Code, from the purchaser, or his vendee, within one year thereafter in the manner provided in this chapter.”
Prior to the effective date of this Act, the statutory time for redemption was two years. Tit. 7, § 727, Code of Alabama (1940). Brown says that the Act, as applied to this mortgage by the trial court, would constitute an unconstitutional impairment of contract. Brown argues, in brief, that since he was a party to the mortgage, he had a right not to have the statutory period of redemption then applicable reduced. He cites Cowley v. Shields, 180 Ala. 48, 60 So. 267 (1912) to support his argument. Cowley does state the following:
“As we understand the more recent rulings of the United States Supreme Court, as to whether or not statutes subsequent to the execution of the mortgage are obnoxious as impairing the obligation of the mortgage contract, the test is whether or not the statute as to redemption cuts off any existing right of the mortgagee, or places an additional burden on the mortgagor. A statute authorizing the redemption of property sold under a mortgage, where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot constitutionally apply to a mortgage executed before its passage. Neither could a statute so apply which cuts off the right or reduces the period of redemption, or which increases the burden of doing so. This rule, however, applies to the parties to the contract, and not to strangers who purchase at the sale as they are governed by the laws existing at the time of the sale with reference to the redemption of the property. But the courts hold that even where the mortgagee becomes the purchaser and the sum bid or paid is equal to or exceeds the mortgage indebtedness, he then ceases to hold as mortgagee, but as purchaser, and the property can be redeemed under the redemption laws existing when the sale was made without doing violence to the federal or state Constitutions. Insurance Co. v. Cushman, supra. On the other hand, if the mortgagee purchases for less than the debt, he still holds as a mortgagee, and a redemption law which would divest him of the property by paying, to redeem, less than the mortgage debt, or impairing his security in any way, would be repugnant to the Constitution if made applicable to existing mortgages. Bradley v. Lightcap, 195 U.S. 1, 24 S.Ct. 748, 49 L.Ed. 65; Barnitz v. Beverly, 163 U.S. 118, 16 S.Ct. 1042, 41 L.Ed. 93. We might add that even in cases where the mortgagee bought the property for less than the mortgage debt the new redemption law merely extending the right to the assign-ee of the mortgagor, without changing the time for redemption, could apply without colliding with the Constitution, if the law required payment of the full amount due upon the mortgage, regardless of the amount bid, and which is now required by section 5749 of the Code of 1907, subd. (4).”
Cowley does not control here. In this case, Bateh was a stranger to the mortgage at the time he purchased the tract. It is undisputed that Bateh had been divested of any interest therein prior to foreclosure. See Brown v. Bateh, 331 So.2d 671 (Ala. 1976). As such, the rights between Brown and Bateh were fixed at the date of sale; at that date, the period within which Brown could redeem was one year.
The statute clearly states that the one-year period begins to run from the time the property is sold; therefore, the critical date for determining the rights of the mortgagor, relative to statutory redemption, is the date of the sale of the real estate and not the date of the execution of the mortgage. A right of redemption is not property, or a property right, but a privilege *844 merely, to be exercised by the proper party in the mode prescribed by the statute. Denson v. Provident Mut. Life Ins. Co., 231 Ala. 574, 166 So. 33 (1936). The right to redeem can only spring into existence upon the foreclosure of the mortgage. “A person who attempts to exert this privilege must show that at this time and within the time allowed thereafter ... he was within the class of redemptioners provided in the statute.” Butler v. Fayette Seed Farms, Inc., 280 Ala. 482, 195 So.2d 534 (1967); Title 7, § 743, Code 1940 (now § 6-5-246, Code 1975).
Brown failed to exert his privilege within one year after the sale. His right to redeem did not exist at the time he sought to exert his privilege.
The judgment of the trial court is due to be, and is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.