[Francis, et al. v. White.]


# Francis, *et al. v.* White.

*Bill to Redeem from Execution Sale.*

(Decided April 14, 1910.   52 South. 349.)

*Execution; Redemption from Sale; Waiver.*—The fact that the execution defendant joined with the purchaser at execution sale in conveying to a third person, with covenants of warranty, a part of the property sold, is not a waiver of the right to redeem the rest of the property, but a waiver of the right of the purchaser at execution sale to deal with or require a redemption on the basis of all the property sold.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by R. B. White, administrator, against W. R. Francis, and others, to redeem from execution sale. Decree for complainant and respondents appeal. Affirmed.

CALLAHAN & HARRIS, for appellant.   The act of the execution defendant in joining with the purchaser at the execution sale in conveying to a third person by warranty deed a portion of the property sold, is a waiver and renunciation of the right to subsequently redeem. —*Francis v. White,* 49 South. 344; *Roulac v. Jones,* 78 Ala. 398; *Harden v. Collins,* 138 Ala. 404.   The statute requires the redemption of whatever interest passed by the foreclosure sale.—*Lehman v. Moore,* 93 Ala. 189; 17 Cyc. 1329; Sec. 3505, Code 1896.   The case of *Richardson v. Gunn,* 79 Ala. 170, relied on by appellee is readily distinguished from the case at bar because statutory redemption is not at all controlled by equitable principle.—*Burke v. Brewer,* 32 South. 602; *Ewing v. Cook,* 4 Am. St. Rep. 767.

E. W. GODBEY, for appellee. The bill and the tender made therein has been thrice held sufficient by the court.—*Francis v. White,* 39 South. 174; s. c. 43 South. 1019; s. c. 49 South. 334. The execution defendant waived nothing by his action, but the purchaser at the execution sale waived the right to have the redemption made in toto.—*Richardson v. Gunn,* 79 Ala. 170; Jones on Mortgages, sec. 1072.

SAYRE, J.—This is a bill filed under the statute to redeem from an execution sale. The sufficiency of the amended bill as stating a right to relief in equity has been thrice considered before, and sustained. See 142 Ala. 590, 39 South. 174; 150 Ala. 679, 43 South. 1019; 160 Ala. 523, 49 South. 334. The question now presented was raised by a plea filed on the last return of the case to the chancery court. The plea avers that after the execution sale the defendant in execution, redemptioner's intestate, joined with the purchaser at the execution sale in a conveyance of a part of the property to a third party, one Brock, with covenants of warranty. The plea was filed as an answer to the bill as a whole, and for that reason the plea was overruled. Necessarily the conveyance was a waiver and renunciation of the right to redeem the part conveyed. It left the grantor without interest in that parcel. Appellant's contention is that necessarily also it operated as a waiver and renunciation of the right to redeem the rest, and for the reason that redemption cannot be effected by piecemeal.

When this case was here on the last appeal it was said: "Redemption cannot be effected by piecemeal. It must be of the entire tract sold, no matter how many the subpurchasers of parts thereof"—citing *Roulhac v. Jones,* 78 Ala. 398, and *Harden v. Collins,* 138 Ala. 399,

35 South. 357, 100 Am. St. Rep. 42. In *Lehman v. Moore,* 93 Ala. 189, 9 South. 592, it was said that "the statute itself provides for and requires the redemption of whatever interest passed by the foreclosure sale." There was no decision, nor anything calling for a decision, that, when an execution debtor conveys his right of redemption in a part of the property sold, he either forfeited waived, or renounced thereby his privilege under the statute as to the remainder of the estate, or that his vendee acquired an exclusive right to redeem. Certainly there was no decision that, if the purchaser at a mortgage or execution sale suffers a redemption of a part of the property, insisting upon the payment of the entire debt and lawful charges, as he has an unquestioned right to do, he thereby becomes entitled to hold the remainder of the estate. The right to do that was denied in *Lehman v. Moore,* where it was said that it would be an anomaly, which the law does not contemplate and will not tolerate, to require the redemptioner to make the purchaser whole in respect of all he has expended in consideration of the land, and at the same time leave half that consideration in his hands. The statutory right of redemption, originally a privilege conferred upon the mortgagor or execution debtor alone, has by subsequent enactments been made vendible and descendible, and is conferred upon the assignee of the equity or statutory right of redemption, among others. The right of redemption is favored by the law. There is no reason why the requirement that the entire debt and the entire property shall be redeemed should be more rigid in the case of statutory redemption than in the case of an equity of redemption asserted before foreclosure. One reason for the rule that the mortgagee cannot be compelled to divide his debt and security by submitting to redemption of a part only of the mort-

gaged property on payment of a pro rata share of the debt is that the unity of the debt and security result from the contract, which extends the lien of the debt as a whole equally to each parcel of the land. Another is that the mortgagee ought not to be entangled with conflicting claims of assignees of equities in different parts of the property. The complainant in a bill to redeem must have the mortgagor's title, or some interest under it.—*Butts v. Broughton,* 72 Ala. 294; *Rapier v. Gulf City Paper Co.,* 64 Ala. 330. But it is not necessary that he be interested in the entire property. If he owns the equity of redemption in any portion of them, he may redeem the entire property.—*Howser v. Cruikshank,* 122 Ala. 256, 25 South. 206, 82 Am. St. Rep. 76; *Jones v. Matkin,* 118 Ala. 341, 24 South. 242. The party so redeeming is entitled to hold the entire estate until he shall be reimbursed what he has paid beyond his just proportion. He is considered an assignee of the mortgage, and stands, after redemption, in the place of the mortgagee in relation to the other owners of the equity.—*Lehman v. Moore, supra; Gibson v. Crehore,* 5 Pick. (Mass.) 146.

We think similar principles are to be applied in this case. The purchaser is concerned only to have his entire debt and lawful charges, and to be relieved of further entanglement with the property, and all that the bill will do for him. Such was his right, also, when he joined in the deed of a part of the property, if that is to be taken as a partial redemption. It was for the purchaser then to insist upon an entire redemption. But there can be no reason whatever why redemption in parcels may not be had, the purchaser being willing. So far from the conveyance to the third party being a waiver of the right to redeem the rest of the estate, it was nothing more than a waiver of defendant Francis'

[Louisville & Nashville Railroad Co. v. Wynn.]

right to deal with the redemptioner upon the basis of a redemption in toto only. We take it, however, that the deed to Brock was intended, not as a partial redemption, but only to eliminate the part conveyed from the pending question of redemption. As to the undisputed residue of the estate, the rights of the parties thereafter were just what they had theretofore been in respect to the entire estate. We are of opinion that the chancellor's decree was in accord with equitable principles, and ought to be affirmed.

Afirmed

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.