# Cowley *v.* Shields.

## *Bill by Assignee of Statutory Right of Redemption to Redeem.*

(Decided November 28, 1912.    Rehearing denied December 17, 1912.
60 South. 267.)

1. *Constitutional Law; Right to Raise; Redemption; Contract.*—
A purchaser at foreclosure sale of a mortgage executed prior to the
enactment of section 5746, Code 1907, cannot invoke the constitu-
tional provision against impairing the obligation of contract, on the
ground that no right of redemption existed under the law when the
mortgage was executed, as he was not a party to the mortgage con-
tract, he having purchased after the enactment of said section.

2. *Same; Impairing Contract; Mortgages; Redemption.*—The test
of whether a redemption statute enacted subsequent to the execu-
tion of a mortgage, impaired the obligation of the contract, is whether
it cuts off any existing rights of the mortgagee, or places any addi-
tional burden on the mortgagor; a statute authorizing the redemp-
tion of property sold under a mortgage, where no right to redeem
previously existed, or which extends the period of redemption beyond
the time formerly allowed cannot apply to a mortgage executed
before its pasage, nor could a statute apply which reduced the period
of redemption; however, a mortgagee who purchases for a sum
equal to the indebtedness ceases to hold as mortgagee, but holds as
purchaser, and the property is subject to redemption under the laws
existing when the sale was made. If he purchases for less than
the debt he still holds as mortgagee, and a redemption law applicable
to existing mortgages which would divest him of the property by
payment of less than the mortgage debt, or which would impair
his security, would be unconstitutional. If the law required payment
of the full amount due, regardless of the amount bid, as now required
by subdivision 4, section 5749, Code 1907, a new redemption law
extending the right of the redemption to the assignee of the mort-
gagor would be valid as against the mortgagee, who had bought the
property for less than the mortgage debt.

3. *Courts; Previous Decisions; Rules of Property.*—Even where
cases are overruled, they should control contracts entered into or
purchases made on the strength of them; but in an action by the
assignee of the mortgagor to redeem under section 5746, Code 1907,
giving a right which did not exist when the mortgage was executed,
the cases then in force, holding that amendments extending the
right of redemption to those not entitled to redeem when the mort-
gage was executed, could not apply to existing mortgages notwith-
standing the right existed when the sale was made, but which did
not pass upon a statute identical in form, and which was induced by
a decision of the U. S. Supreme Court from which that court had
receded, which fact may have been known to the legislature, do not
stand as rules of property.

[Cowley v. Shields.]

4. *Mortgages; Right to Redeem; Assignee of Mortgagor.*—Under section 5746, Code 1907, an assignee of the mortgagor may redeem, notwithstanding he was not included in the class given the right to redeem under the law existing when the mortgage was executed.

5. *Same; Warranty Against Right.*—A warranty or agreement in a mortgage purporting to cut off the right of redemption is against public policy and neither the mortgagee nor his vendee can enforce it.

6. *Same; Piece-Meal Redemption.*—While property cannot be redeemed by piece-meal, yet an assignee of the mortgagor reserving ten acres in conveying the property back to the mortgagor, had such an interest in the land legal or equitable, as would entitle him to redeem, although the tenancy was not definitely declared.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOS. H. SMITH.

Bill by William B. Shields against William Cowley, to redeem from a mortgage foreclosure sale. From a decree for complainant, respondent appeals. Affirmed.

SHELTON SIMS and WILLIAM COWLEY, for appellant. At the time of the execution of the mortgage only four classes of persons were permitted to redeem after foreclosure and the assignee of the statutory right of redemption was not among these classes.—*Commercial Association v. Parker*, 84 Ala. 298; *Wallace v. Markstein*, 147 Ala. 263; *Gandy v. Tippett*, 155 Ala. 296. When the mortgage was foreclosed section 5746, Code 1907, was in force and under it eleven classes were permitted to redeem. It is insisted therefore that the law in force at the date of the mortgage controlled as to the classes entitled to redeem at the foreclosure, and that any subsquent legislation could not constitutionally add to these classes.—*Lehman-Durr & Co. v. Moore*, 93 Ala. 186. The rights acquired by the purchaser were acquired on the faith of a former ruling.—Section 5065, Code 1907; *Johnson v. State*, 91 Ala. 70. Such case became a rule of property and would involve the overruling of the *Moore case*, which was cited approvingly in *Jones v. Matkin*, 118 Ala. 347. This would be tanta-

mount to impairing the obligation of the contract.—
*Barnitz v. Beverly,* 163 U. S., 118; *Bronson v. Kinzy,*
42 U. S., 311; *Howard v. Bugby,* 24 How. 461. The law,
as announced in the Moore case, became a part of the
mortgage contract and could not be changed by subse-
quent legislation nor by judicial decision.—*Farrior v.
N. E. M. Co.,* 92 Ala. 176; *Norwood v. Railroad Co.,* 149
Ala. 162; 11 Cyc. 747; 37 N. Y. Supp., 114. The statute
which was in force when the mortgagors entered into
their covenant to warrant the title to the purchaser at
foreclosure sale is the measure of the rights of the
parties in this case and any statute which rendered
such covenant less valuable to the mortgagee impairs
the obligation of the contract.—*Howard v. Jones,*
50 Ala. 69; *Watson v. Rose,* 51 Ala. 300; 8 Wheaton, 9;
195 U. S., 1; *Nelson v. McCrary,* 60 Ala. 320. The
covenants of warranty in a mortgage run with the land
and are binding in favor of all purchasers who claim
through the mortgage.—*Claunce v. Allen,* 12 Ala. 159;
*Gunter v. Williams,* 40 Ala. 567; *Oliver v. Bush,* 125
Ala. 534. The statutory right of redemption is an en-
cumbrance upon the title.—22 Cyc., 72; 8 Cyc., 930;
*Green v. Biddle, supra;* 195 U. S. 1; *Golden Fert. Co.
v. Blanchard,* 59 South. 285. If Shields could not have
redemmed before the adoption of the Code of 1907, as
assignee of the statutory right, he cannot redeem now.
—*Insurance Co. v. Boykin,* 38 Ala. 150; *Grant v. Na-
tion,* 55 South. 310; *Singleton v. Jackson,* 59 South. 45.
See *Berry v. Henley,* 56 South. 570. Having conveyed
back to his vendees before the filing of the bill Shields
could not redeem.—*Bruce v. Bradshaw,* 69 Ala. 361;
*Etowah Min. Co. v. Carlisle,* 127 Ala. 665. Nothing by
way of estoppel was pleaded and hence complainant
can take nothing thereby.—*Jones v. Peebles,* 130 Ala.
275 and authorities there cited.

[Cowley v. Shields.]

L. H. & E. W. FAITH, for appellee. Redemption cannot be had by piece-meals.—*Burke v. Brewer*, 133 Ala. 339; *Harden v. Collins*, 138 Ala. 399. The objection of want of necessary parties must be taken in the court below.—*Wood v. Wood*, 134 Ala. 562. Under the facts in this case the appellee had an interest in the land giving him a right to redeem and which brought about an estoppel on appellant's part to deny that right. —*Sharfenburg v. New Decatur*, 155 Ala. 655; *Tobias v. Morris & Co.*, 126 Ala. 535; *Harris v. Building Association*, 122 Ala. 385; *Cloud v. Whiting*, 38 Ala. 557; 101 U. S., 578. There can be no exception to the paper called a deed which was of no effect because the grantor had not redeemed and had no title.—13 Ala. 56; 73 Ala. 440; 13 Cyc. 602. Neither the appellee nor the appellant was a party to the original contract between the mortgagor and the mortgagee and when the property was sold the mortgagee obtained its debt in full and had no further interest in the matter, and although the right of redemption did not exist at that time in appellee it was competent for the legislature, before the foreclosure, to give such right of redemption to the assignee.—*Iverson v. Shorter*, 9 Ala. 713; *Beck v. Burnett*, 22 Ala. 822; *Bugbee v. Howard*, 32 Ala. 715 *Curry v. Sanders*, 35 Ala. 280; *Martin v. Hewitt*, 44 Ala. 435. It was a new contract subsequent to that of the mortgage and the rights are governed by the law existing at the time of the purchase.—194 U. S., 415; 195 U. S., 1; 108 U. S., 51. The agreement set up as to the covenants is against public policy and reason and is void.—*Palmer v. Palmer*, 74 Ala. 285; *Peagler v. State*, 91 Ala. 308. The deed back to the Shamburgers to a part of the land was not a waiver or renunciation of the right to redeem.—*Francis v. White*, 166 Ala. 407.

ANDERSON, J.—This bill was filed by the appellee to redeem as the assignee of the mortgagor's statutory right of redemption from a purchaser under a mortgage sale made since the Code of 1907, but which said sale was made under a mortgage executed prior to the said Code. The purchaser being an outsider, and not a party to the mortgage contract, and the statute authorizing redemption by the assignee of the statutory right, being in full force at the time of his said purchase, he cannot complain of same; nor can he invoke the Constitution as against the impairment of a contract to which he was a stranger. When the appellant purchased the property at mortgage sale, the law then existing (section 5746 of Code of 1907) authorized a redemption by the assignee of the statutory right of redemption, and this appellant cannot complain that such a right did not exist under the law when the mortgage was executed.—*Hooker v. Burr,* 194 U. S. 415, 24 Sup. Ct. 706, 48 L. Ed. 1046, following *Insurance Co. v. Cushman,* 108 U. S. 51, 2 Sup Ct. 236, 27 L. Ed. 648, and distinguishing *Barnitz v. Beverly,* 163 U. S. 118, 16 Sup. Ct. 1042, 41 L. Ed. 93; *Bradley v. Lightcap,* 195 U. S. 1, 24 Sup. Ct. 748, 49 L. Ed. 65; *Bugbee v. Howard,* 32 Ala. 713; *Iverson v. Shorter,* 9 Ala. 713.

As we understand the more recent rulings of the United States Supreme Court, as to whether or not statutes subsequent to the execution of the mortgage are obnoxious as impairing the obligation of the mortgage contract, the test is whether or not the statute as to redemption cuts off any existing right of the mortgagee, or places an additional burden on the mortgagor. A statute authorizing the redemption of property sold under a mortgage, where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot consti-

[Cowley v. Shields.]

tutionally apply to a mortgage executed before its passage. Neither could a statute so apply which cuts off the right or reduces the period of redemption, or which increases the burden of doing so. This rule, however, applies to the parties to the contract, and not to strangers who purchase at the sale as they are governed by the laws existing at the time of the sale with reference to the redemption of the property. But the courts hold that even where the mortgagee becomes the purchaser and the sum bid or paid is equal to or exceeds the mortgage indebtedness, he then ceases to hold as mortgagee, but as purchaser, and the property can be redeemed under the redemption laws existing when the sale was made without doing violence to the federal or state Constitutions.—*Insurance Co. v. Cushman, supra.* On the other hand, if the mortgagee purchases for less than the debt, he still holds as a mortgagee, and a redemption law which would divest him of the property by paying, to redeem, less than the mortgage debt, or impairing his security in any way, would be repugnant to the Constitution if made applicable to existing mortgages.—*Bradley v. Lightcap,* 195 U. S. 1, 24 Sup. Ct. 748, 49 L. Ed. 65; *Barnitz v. Beverly,* 163 U. S. 118, 16 Sup. Ct. 1042, 41 L. Ed. 93. We might add that even in cases where the mortgagee bought the property for less than the mortgage debt the new redemption law merely extending the right to the assignee of the mortgagor, without changing the time for redemption, could apply without colliding with the Constitution, if the law required payment of the full amount due upon the mortgage, regardless of the. amount bid, and which is now required by section 5749 of the Code of 1907, subd. (4).

We therefore hold that the complainant, as assignee of the mortgagor's statutory right of redemption, had the right to redeem under section 5746 of the Code of

1907, notwithstanding the assignee of the statutory right was not included in the class given the right to redeem under the statute as existing when the mortgage was executed. We are not unmindful of the fact that this holding is opposed by the cases of *Lehman v. Moore,* 93 Ala. 188, 9 South. 590, and *Jones v. Matkin,* 118 Ala. 341, 24 South. 242. These cases were based upon the decision of the United States Supreme Court in the case of *Howard v. Bugbee,* 24 How. 461, 16 L. Ed. 753, wherein the case of same parties as decided by this court (32 Ala. 713) was reversed. The holding in 24 Howard has been greatly modified, if not, in effect, overruled by more recent decisions of said court, and we no longer feel bound by the ruling in said case; and the cases of *Lehman v. Moore,* 93 Ala. 188, 9 South. 590, and *Jones v. Matkin,* 118 Ala. 341, 24 South. 242, are expressly overruled on the point in question. It is insisted that even if the cases, supra, should be overruled, it should not, under section 5965 of the Code, affect the present case. This section has no application to the present overruled cases, but applies to overruling an existing opinion by a subsequent one in the same case.

Independent of this statute, however, we have a well-established rule to the effect that, even where cases are overruled, they should control contracts entered into or purchases made upon the strength of same. "The quieting of litigation, the public peace and repose, respect for judicial administration of the law, and confidence in its reasonable certainty, stability, and consistency, and all considerations of public policy call for permanently upholding acts done, contracts executed, rights vested, and titles to property acquired on the faith of decisions of the court of last resort."—*Bibb v. Bibb,* 79 Ala. 444. In the instant case, while the stat-

[Cowley v. Shields.]

ute authorized the redemption by the assignee of the mortgagor when the sale was made, the right did not exist when the mortgage was executed, and these two cases were in full force and held that amendments extending the right to those not entitled to redeem when the mortgage was executed could not apply to existing mortgages notwithstanding the right existed when the sale was made. Therefore, whether these cases were sound or not, they informed the appellant that an assignee of the mortgagor could not redeem. He made his purchase upon the strength of this holding, and, as to him and all purchasers before the said cases are overruled, they should operate as a rule of property, and said purchasers should be protected as against statutes subsequently passed, and which was held in these cases as not applicable to existing mortgages. These are the views of the writer and Justice McCLELLAN, but a majority are of the opinion that this rule does not apply to the present case. They think that this statute in its identical shape was not passed upon, and to hold that it should be confined to mortgages made subsequent to its last adoption would be an un warranted interpolation of the statute. Moreover, that these cases were forced by the United States Supreme Court in reversing the *Howard v. Bugbee Case*, and that the United States Supreme Court had receded from said holding, and which fact may have been known to the Legislature when adopting the Code of 1907, else they would have confined the statute in its operation to sales under mortgages to be executed in the future.

There is no merit in the contention that the warranty in the mortgage would preclude the mortgagor or his assignee from redeeming the property; for, if there is such a warranty, it could not operate to cut off the redemption right. Such a warranty or agreement is

against public policy.—*Parmer v. Parmer,* 74 Ala. 295; *Stoutz v. Rouse,* 84 Ala. 309, 4 South. 170.; *McMillan v. Jewett,* 85 Ala. 476, 5 South. 145; *Peagler v. Stabler,* 91 Ala. 308, 9 South. 157. Moreover, this appellant was no party to the mortgage contract. It may be true that the covenants in the mortgage run with the land and are binding in favor of all subsequent purchasers who claim through the mortgage, but that rule applies to covenants that could be enforced by the mortgagee, and not those which the law holds to be violative of public policy. If the mortgagee could not enforce such a covenant, his vendee under the mortgage sale cannot do so.

It has been previously held by this court that property cannot be redeemed by piecemeal, and that if the owner of the equity or statutory right of redemption retains any interest in the property, notwithstanding he may have sold off some of it, he can redeem it all.— *Francis v. White,* 166 Ala. 409, 52 South. 349. It is suggested that, while Shields intended to reserve 10 acres in conveying the property back to the mortgagors, the exception or reservation is void for uncertainty, and that he, therefore, had no interest in the property except a vendor's lien when he filed this bill. We think that he was still the assignee of the statutory right of redemption, and had such an interest in the land, legal or equitable, as would authorize him to redeem.

The decree of the chancery court is affirmed.

Affirmed. All the Justices concur, except ANDERSON and MCCLELLAN, JJ., who dissent in part.