# Morrison, *et al. v.* Formby.

### *Bill to Redeem.*

(Decided December 17, 1914.   67 South. 668.)

1. *Mortgages; Statement of Debt; Persons Entitled.*—Under section 5748, Code 1907, as amended by Acts 1911, p. 391, and section 5757, Code 1907, the basis of compensation for permanent improvement is title, which implies the legal title, and hence, the redemptioner may redeem upon demand to the purchaser without a demand on the parties to whom the purchaser had contracted to sell separate parts of the land, to be conveyed when the purchase money was paid, since such parties had no title.

2. *Same; Redemption; Nature and Scope.*—Under the statutes, redemption of land cannot be exercised otherwise than as to the whole of the property bought at the foreclosure sale. The process contemplated and required by the statute makes an indivisible entity of the act of redemption, the effect of which is to reinvest title in the redemptioner by divesting it out of the person in whom it is vested.

3. *Same; Foreclosure; Interest.*—Under section 5748, Code 1907, the purchaser on foreclosure against whom bill filed for redemption was good was entitled to the legal rate of interest upon the sum to be paid to effect the redemption sought.

4. *Equity; Modifying Decree; Application; Time.*—Where a decree was entered at a special term, and was corrected and affirmed, a motion to modify the decree not made until after the termination of such term or until after the expiration of the time allowed by rule 38, Chancery Practice for presenting an application for rehearing, came too late, as the court had lost its power to alter the decree.

APPEAL from Cherokee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by R. L. Formby against G. F. Morrison and others, to redeem land sold under a deed of trust. From a decree for complainants, respondents appeal. Corrected and affirmed.

WHITE, & LUMPKIN, and GOODHUE & BRINDLEY, for appellants.

T. BEN KERR, and KNOX, ACKER, DIXON & STERNE, for appellee.

McCLELLAN, J.—(1) On September 24, 1906, R. L. Formby and wife executed to A. O. Williams, as trustee, a deed of trust on certain real estate to secure the payment of an indebtedness to G. F. Morrison. On March 10, 1909, the trustee sold the land in execution of the trust for the satisfaction of the indebtedness it was given to secure. At the sale under the power G. F. Morrison became the purchaser of the land. On October 4, 1909, Morrison made with respondents Maxey, Wood, Ellenburg, and Floyd executory contracts of sale of separate parts of the land so bought at the foreclosure sale, giving them bonds for the conveyance of appropriate titles when the purchase money, represented by notes, was fully paid. Having in contemplation redemption of the land under the statutes to that end, Formby, on January 24, 1911, through her attorney and solicitor, Mr. Kerr, made written demand upon Morrison for the statement of debt and lawful charges as stipulated in Code, § 5748. That section, before its amendment by the act approved April 13, 1911 (General Acts 1911, p. 391), reads: "5748. Written Demand for Charges; May File Bill.—Any one desiring and entitled to redeem may make written demand of the purchaser or his vendee for a statement in writing of the debt and all lawful charges claimed by him; and such

purchaser or vendee shall, within ten days after such written demand, furnish such person making the demand with a written itemized statement of the debt and all lawful charges claimed by him, and failing so to do, shall forfeit all claim or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the ten days, file his bill in equity without a tender to enforce his rights hereunder."

This demand upon Morrison was not complied with by him. There was no demand made upon Maxey, Wood, Ellenburg, and Floyd, the purchasers from Morrison under the executory contracts.

It is insisted that since, as appears, Formby knew of these dispositions of several parts of the land to Maxey, Wood, Ellenburg, and Floyd, demands should, under the statute, have been made upon each for and with reference to the tract he had contracted to buy, and so in order to lay the condition upon which the statute visits its forfeiture of the "right to compensation for improvements." The chancellor concluded against this contention, and our opinion accords with his.

(2) Redemption of lands under our statutes to that end cannot be exercised otherwise than that of the whole of the property bought at the sale. The process contemplated and required by the statutes makes an indivisible entity of the act of redemption. Section 5748, set out before, does not appear to have contemplated a case where there has been a sale or sales of part only of the land bought by the purchaser at a sale under execution, under mortgage or deed of trust, or under decree of a court of equity. However that is, the office and effect of statutory redemption is to reinvest *title* in the redemptioner, to divesting it out of the person in whom it is vested. Such is also the clear

purport of this provision of Code, § 5757: "Any person offering to redeem must pay to the person in possession the value of all permanent improvements made by him *after he acquired title*" (italics supplied).

The established foundation, on redemption, for the right to compensation for permanent improvements is *title,* meaning necessarily the repository of the legal title. Such is the principle underlying the analogy present in rulings made in the administration of section 5749.—*Lehman-Durr v. Collins,* 69 Ala. 127, 131. The respondents Maxey, Wood, Ellenburg, and Floyd were in possession under contracts of purchase, but the legal title remained in Morrison. Upon him alone could the demand contemplated in Code, § 5748, be made. He had not parted with the *title.* He was entitled to the fund redemption affords. He had only promised—engaged—to convey it upon a contingency. His contractees had engaged in the full light of the law allowing the redemption here sought. If permanent improvements were made by them, it was with the conclusively imputed knowledge that redemption might be sought and effected. If the process of redemption has placed them in a predicament as respects improvements made by them, it cannot be charged to the redemptioner, rather to him whose contracts to convey, subject of course to redemption, they accepted. Under these contracts, they certainly cannot be regarded as substitutes, in degree even, for Morrison. They have not *title;* the element and essence of property right to which redemption must be referred for effectual operation. It results, consequently, that Morrison's failure to furnish the statement required by the demand, under the statute (5748) was a failure within the condition of the statute and wrought, according to its express provisions, a complete forfeiture of the right to claim or en-

force, as against this redemptioner, compensation for improvements made on the land by any one. So there was no error in the decree disallowing any claim made for the value of permanent improvements as a condition to the effectuation of redemption by the mortgagor, Formby.

(3) According to the authority of *Weathers v. Spears*, 27 Ala. 455, the decree appealed from is affected with error, as separately assigned by Morrison, in that the court did not allow Morrison the legal rate of interest upon the principal sum to be paid to effect redemption; for that the filing of the bill to redeem was, in virtue of Code, § 5748, equivalent to tender. The fact that the decree declined allowance of any sum as for rents and profits after tender cannot serve to extinguish or toll this right of the purchaser to interest upon the principal sum. If the redemptioner (Formby) conceived that there was error in declining to make the stated allowance for rents and profits (if such were allowable under the evidence in the cause), he should have sought, in the usual way, review of the decree in that respect. We do not understand *Steele v. Hanna*, 91 Ala. 190, 9 South. 174, to pronounce a rule in conflict with that soundly announced in *Weathers v. Spears, supra*.

The decree is affirmed in all respects, except that it will be corrected, so as to include in the sum required of Formby to redeem, interest, at the legal rate, from the date of the filing of the bill to the date of the decree confirming the report of the register.

The decree is corrected, as indicated, and, as corrected, is affirmed.

Corrected and affirmed.

SAYRE, DE GRAFFENRIED, and GARDNER, JJ., concur.

ADDENDA.

McCLELLAN, J.— (4) After the termination of the *special* term at which the decree appealed from was *corrected* and *affirmed,* and after the expiration of the period alluded to by rule 38 (Civil Code, p. 1515) for presenting an application for rehearing, appellant now moves the court to modify the decree, so as to *affirm in part* and *reverse in part and render* the decree here which should have been rendered in the court below. Without considering the merits of the matter now presented, it must be ruled—according to the theory underlying appellee's motion to strike the appellant's motion—that the motion the appellant has undertaken to make comes too late, at a time when this court has lost its power to alter its decree. Motion of appellant is stricken.

SAYRE, DE GRAFFENRIED, and GARDNER, JJ., concur.