(76 South. 463)

LORD v. BLUE. (1 Div. 921.)

(Supreme Court of Alabama. June 21, 1917.)

MORTGAGES ⬥615—REDEMPTION IN PIECE-MEAL—PARTIES.

Where at the foreclosure sale under Code 1907, § 5749, the mortgagee became the purchaser of one parcel, the mortgagor could maintain a bill against him to redeem without bringing in the purchaser of the other parcel and prayer for a single conjoint redemption of both parcels.

McClellan, J., dissenting.

Appeal from Chancery Court, Mobile County; Thomas H. Smith, Chancellor.

Bill by Crosha Blue against Eddie Lord, to redeem certain land. Decree for complainant, and respondent appeals. Affirmed.

The bill alleges that complainant purchased from respondent the E. ½ of the S. E. ¼ of S. W. ¼ at an agreed price of $200, and received a deed therefor, and for the purpose of securing the purchase money complainant executed to respondent a mortgage conveying the land above described, and also her homestead in Whistler in said county; said mortgage being, as plaintiff understood, payable one year from date. It is alleged that complainant is unable to read, and is now informed that said mortgage recited a debt of $300 instead of $200; that at the maturity of said mortgage, complainant was unable to pay same, and on August 17, 1912, respondent offered the land for sale at public outcry, and at said sale the property at Whistler was sold to one John Odmerd for $175, while the property herein described was purchased by respondent at the sum of $150, deeds being made, etc. It is further alleged that no demands were made upon complainant for the possession of these lands by respondent, but that he took possession of them at will, and complainant has exercised no possession over him since that time. It is further alleged that complainant by an authorized agent did on June 25, 1914, demand of said Lord a statement of the debt, interest, costs and all lawful charges, which respondent then refused and still refuses to give, and then and still denies, without qualification, complainant's right to redeem said property, but complainant through her agent offered to pay all amounts necessary to make redemption, tendering an amount in gold more than sufficient, according to her information and belief, to entitle her to redeem, but defendant refused to accept any money, and denied plaintiff's right to redeem. Offer to pay any and all amounts due is made by the bill, and the reason a deposit is not made

in court is that respondent has failed to furnish a statement.

Roach & McMahon, of Mobile, for appellant. Gaillard & Mahorner, of Mobile, for appellee.

SOMERVILLE, J. The bill is filed by a mortgagor, after foreclosure, to enforce against the mortgagee the complainant's statutory right of redemption. The bill shows that the mortgage is for $300, and that at the foreclosure sale the mortgaged land was sold in two separate parcels, the respondent mortgagee becoming separately the purchaser of one parcel for $150, and a stranger becoming separately the purchaser of the other for $175. The bill seeks to redeem from the mortgagee purchaser the parcel of land purchased by him at the sale, and to that end offers to pay whatever may be required.

The only question, in this aspect of the case is whether the bill can be maintained without bringing in the stranger purchaser and praying for a single conjoint redemption of both parcels of the mortgaged land. It is well settled that the equity of redemption is a unit, and cannot be exercised piecemeal. There can be no equitable redemption of either the whole or any part of the mortgaged land without the payment of the entire debt, this because the debt is a contractual unit, and its "lien extends equally to each separate parcel of land." Roulhac v. Jones, 78 Ala. 398, 402. So, where by foreclosure, there is either a single sale of the whole, or separate sales of distinct parcels, each for its specified price, each sale is, by virtue of the redemption statutes, a legal unit with respect to the redemption rights of the mortgagor. The purchase money for each parcel is a credit pro tanto on the mortgage debt, and each parcel is thereby discharged from the lien of the mortgage. First Nat. Bk. v. Elliott, 125 Ala. 646, 27 South. 7, 47 L. R. A. 742, 82 Am. St. Rep. 268. Each purchaser is entitled, as a condition to yielding redemption, to the repayment to him of the purchase money he has paid, with 10 per cent. and other lawful charges. There is no community of interest between him and the other purchasers. The amount to be paid to each for redemption by the mortgagor is fixed by law, and neither any one purchaser nor the mortgagee can be concerned with the extent to which the mortgagor may exercise his right of redemption against other purchasers as to other parcels.

It is of course true that when the redemption is sought against the mortgagee, who is himself the purchaser of the whole, or of one of several parcels sold separately, the mortgagor must, in compliance with the statute (Code, § 5749, subd. 4), tender also "any balance due on the debt," if the proceeds of the foreclosure sale have not fully dis-

━━━━━━

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

charged the debt and its legal addenda. If the debt has been fully paid, then the mortgagee has no interest, present or prospective, in any of the mortgaged property, except the parcel bought by himself. If it has not been paid, then his interest is restricted to the complete satisfaction of the mortgage debt, and extends no further. Indeed, it would seem that in any bill to redeem from the mortgagee, whether before or after foreclosure, it is no concern of the mortgagee's whether the mortgagor specifies for redemption all or only a part of the mortgaged property, provided only that he tenders such a sum as would suffice for the redemption of the whole. Such a limitation in the prayer might work an abandonment of the residue of the land, but it should not, on principle, affect the equity of the bill. See Richardson v. Dunn, 79 Ala. 167; Pitts v. A. F. L. M. Co., 123 Ala. 469, 472, 26 South. 286. Our conclusion is that the bill of complaint is properly filed in the form, and for the purpose above stated, and that the chancellor properly overruled the demurrer thereto. This conclusion is not opposed to any of the former decisions of this court, but is in perfect harmony with them. In Roulhac v. Jones, 78 Ala. 398, supra, it was held that, after a partial foreclosure of the mortgage by the sale of a part of the land, the mortgagor had still "the right to redeem the undisturbed property by paying the amount due on the mortgage debt, estimated by equitable principles." This was clearly on the theory that the initial unity of the mortgage, as to debt and security, had been broken by the partial foreclosure. 2 Jones, Mort. (7th Ed.) § 1074.

In Francis v. White, 142 Ala. 590, 39 South. 174, s. c., 160 Ala. 523, 49 South. 334, the purchaser of an entire tract at execution sale had privately sold some of the land in separate parcels to subvendees, and the bill was against the original purchaser and these subvendees for the redemption of the whole tract. On the first appeal it was noted in the opinion that the redemption statutes do not seem to have contemplated such a situation; and, recognizing the necessity of redeeming the entire tract sold, and the impracticability of meeting the statutory requirements as to tender, it was held that the payment into court of the whole amount due, for distribution among the purchaser and his subvendees as they might be entitled, was sufficient without previous tender. On the second appeal, it was remarked in the opinion that:

"Redemption cannot be effected by piecemeal. It must be of the entire tract sold, no matter how many the subpurchasers of parts thereof."

This but emphasizes the rule of law, grounded upon necessity as well as policy, that redemption may and must be made as a unit, the unit or units being for this purpose determined by the original sale or sales, and not by the purchaser's subsequent subsale of parcels of the unit he may have purchased.

This distinction is vital to any clear understanding of the question now under consideration.

In Morrison v. Formby, 191 Ala. 104, 67 South. 668, the case was like that in Francis v. White, supra, except that the subvendees were in possession of their several parcels under an executory agreement of sale. It was again remarked that:

"Redemption of lands under our statutes to that end cannot be exercised otherwise than that of the whole of the property bought at the sale. The process contemplated and required by the statutes makes an indivisible entity of the act of redemption."

Here, again, there was a single judicial sale, and the land was therefore a unit for redemption purposes, notwithstanding its division by the purchaser for subsale.

Neither in the language of the statutes, nor in the right and reason of the case, nor in our own decisions, can we discover any basis for a denial of redemption in separate parcels where each parcel has become an independent unit by virtue of its separation by the original judicial, or quasi judicial, sale. We note that this rule is briefly stated by Mr. Jones as follows:

"A mortgagor may redeem any parcel which has been sold separately, by paying the amount for which such parcel sold, with taxes, interest and costs." 2 Jones, Mort. (7th Ed.) § 1074, p. 678.

The only other question presented for decision arises over the conflicting evidence touching the issue whether the mortgagee made written demand upon the mortgagor for the possession of the tract here sought to be redeemed. Code, § 5747. The chancellor resolved this issue of fact against the appellant (respondent); and a review of the evidence bearing on the issue does not convince this court that his conclusion is affected with error.

The decree is therefore affirmed.

Affirmed.

All the Justices concur, except McCLELLAN, J., who expresses his views in the subjoined opinion.

McCLELLAN, J. (dissenting). It appears from the face of this bill, filed by an erstwhile mortgagor to effect statutory redemption (Code, § 5746 et seq.) from the mortgagee who purchased one tract only of the two tracts sold under the power of sale contained in the mortgage, that the statutory redemption sought by the bill is only of that part of the property described in the mortgage which the mortgagee purchased at the sale under the power to that end, and not the redemption of all of the real property sold under the power; the other distinct lot or tract being bought at the sale by a stranger to whom conveyance of it was made. The equity of the bill was challenged upon the ground that statutory redemption cannot be availed of unless it is sought of and for

the entire land sold under the single power contained in the mortgage. The learned chancellor concluded against this contention, and so overruled the demurrer. As appears, the question made goes to the primary right, so to speak, to redeem, and not to the obligations, precedent or concurrent, to perform which are necessary to effect the redemption the statutes contemplate. I am of the opinion that the bill is without equity, for the reasons to be stated.

It has been repeatedly decided by this court that statutory redemption cannot be effected by piecemeal, meaning thereby, as I understand it, that statutory redemption is a single, indivisible privilege which, to be available, must comprehend in its exercise all of the real property sold in the execution of the trust created by the instrument of mortgage. Francis v. White, 160 Ala. 523, 49 South. 334; Cowley v. Shields, 180 Ala. 48, 60 South. 267; Morrison v. Formby, 191 Ala. 104, 106, 67 South. 668; Lehman v. Moore, 93 Ala. 186, 189, 9 South. 590. In Lehman v. Moore, supra, a decision delivered in 1890, since which time the pertinent statutes have been re-enacted without change affecting this question, it was said:

" * * * The statute itself provides for and requires the redemption of whatever interest passed by the foreclosure sale."

The decision of this court (second appeal) in Francis v. White, 166 Ala. 409, 52 South. 349, is not authority for the conclusion supporting the piecemeal redemption sought to be effected through this bill, and so for the reason aptly stated in Tribble v. Wood, 186 Ala. 334, 65 South. 75, in evident definition of what was ruled in Francis v. White, 166 Ala. 409, 52 South. 349, as follows:

"Redemption by piecemeal cannot be enforced, but there is no reason why redemption in parcels may not be had; *the holder of the redeemable title being willing.*" (Italics supplied.)

In the case at bar "the holder of the redeemable title" is not shown to be willing to the redemption, nor is any claim made that he was or is willing to the redemption of a part only of the property sold under the single, indivisible exercise of the right of sale under the power contained in the mortgage. Indeed, he has all along persisted in resisting the redemption. The application of this, as it seems to me, new rule to other cases, readily to be imagined and often occurring, will disclose its fault and capacity to create confusion, from which no escape can be logically, reasonably, found.