174 So. 291

## DUNCAN v. HUBBARD et al.

### 2 Div. 93.

Supreme Court of Alabama.

April 15, 1937.

Rehearing Denied May 27, 1937.

Crampton Harris, of Birmingham, for appellant.

L. S. Moore and J. Fred Wood, both of Centerville, for appellees.

GARDNER, Justice.

The bill is properly here to be construed as disclosing a due foreclosure of the mortgage (April, 1933), executed by complainant's deceased father, John W. Miller, to the Bibb County Banking & Trust Company, and a single purchase of the whole property by said mortgagee at the foreclosure sale, as authorized by the terms of the mortgage.

Subsequent to the foreclosure (September, 1934), the purchaser at the foreclosure sale sold the timber on some of the land to defendants Hubbard and Hornsby. Complainant has redeemed, prior to the filing of this bill, all of the land conveyed by the mortgage, except the timber conveyed to said Hubbard and Hornsby, and it is of this

timber she now seeks to exercise her statutory right.

■ The due foreclosure of the mortgage effectually cut off the equity of redemption of the mortgagor, and left only the statutory right of redemption to be exercised by those named in the statute (Code 1923, § 10140), in the mode and within the time, and upon the conditions therein prescribed. Long v. King (Ala. Sup.) 171 So. 738;[1] Denson v. Provident Mut. Life Ins. Co., 231 Ala. 574, 166 So. 33; Goodwin v. Donohue, 229 Ala. 66, 155 So. 587; Smith v. Stringer, 220 Ala. 353, 125 So. 226.

■ Our decisions are to the effect that one in possession of land, as purchaser at a valid foreclosure sale, is the absolute owner, entitled to rents and profits, and is unimpeachable for waste. Goodwin v. Donohue, supra; Smith v. Stringer, supra.

■ But this question, with others argued in brief, to one side, we think this case determinable upon a principle as to the exercise of the statutory right of redemption, now well established by our decisions. That principle is that such a redemption cannot be effected by "piecemeal," but must be of the entire tract, as the statute makes an indivisible entity of the act of redemption. "Redemption operates on the legal title and against the holder thereof; and must be of the entire tract en masse (Lord v. Blue, 200 Ala. 521, 76 So. 463) and not by piecemeal, as the act of redemption is an 'indivisible entity.'" Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463, 468; Hargett v. Franklin County, 212 Ala. 423, 103 So. 40; Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719; Francis v. White, 160 Ala. 523, 49 So. 334; Cowley v. Shields, 180 Ala. 48, 60 So. 267; Morrison v. Formby, 191 Ala. 104, 67 So. 668.

The exceptional case of Lord v. Blue, 200 Ala. 521, 76 So. 463, is not here involved, and needs no discussion.

Upon redemption of the land complainant should have included a redemption of the timber, if so desired, and brought the purchaser into court for such purpose if necessary.

The case made by the present amended bill presents a piecemeal redemption, and comes within the influence of the principle of the above-cited authorities, and is controlled thereby.

The bill discloses that the mortgagee as purchaser at the foreclosure sale purchased for a sum less than the mortgage debt, and complainant insists that under such circumstances the purchaser holds as mortgagee in possession, and is accountable as such for rents and waste.

There are expressions in the cases to the effect that "if a mortgagee purchases for a sum less than the debt, he still holds as mortgagee," as found in Ivy v. Hood, 202 Ala. 121, 79 So. 587, 588, and Cowley v. Shields, 180 Ala. 48, 60 So. 267. But these expressions are to be considered in the light of the question then under consideration, and are readily understood when so viewed. As an illustration is the language of Ivy v. Hood, supra, immediately following the quoted expression, as follows: "And for such reason it is held that redemption may not be had for an amount less than the mortgage debt." And the reference in these cases to the decisions in Hooker v. Burr, 194 U.S. 415, 24 S.Ct. 706, 708, 48 L.Ed. 1046, and Bradley v. Lightcap, 195 U.S. 1, 24 S.Ct. 748, 49 L.Ed. 65, clearly discloses the meaning of the expressions as above indicated. They had reference to the mortgagee's right to have his full debt paid and no relation to his right as a purchaser at the foreclosure sale. This is made clear by the following excerpt from Hooker v. Burr, supra: "The sum bid at the foreclosure sale did not pay the amount due on the mortgage, and the whole case shows that, although the mortgagee became purchaser, the debt of the mortgagor was not thereby paid, and *it was the mortgagee's rights under her contract, as contained in the mortgage, and not her rights as a purchaser at the foreclosure sale, that were in controversy.*" (Italics supplied.)

Complainant can take nothing, therefore, by the above-noted expressions, as they clearly have no reference to the case presented in her bill. The equity of redemption has been cut off by due foreclosure, and only the statutory right is left. And as a bill to exercise this right, it is fatally defective, and the demurrer thereto was properly sustained.

Let the decree stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

---

[1] 233 Ala. 379.